Case 3:12-cv-01128-P-BF Document 9 Filed 06/13/13 Page 1 of 7 PageID 60

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 13 2013
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALLEN DARNELL EDWARDS, 00674616,<br>Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS,[1] Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>Respondent. | No. 3:12-CV-1128-P |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Background

Petitioner pled guilty to indecency with a child and was sentenced to five years in prison. *State of Texas v. Allen Darnell Edwards*, No. F-0954830-R (204th Jud. Dist. Ct., Dallas County, Tex., March 19, 2010). He did not file an appeal.

On February 15, 2011, Petitioner filed a state application for writ of habeas corpus. *Ex parte Edwards*, No. 76,413-01. On October 5, 2011, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

---

[1] On June 1, 2013, William Stephens replaced Rick Thaler as Director of TDCJ-CID. Pursuant to Fed. R. Civ. P. 25(d), Stephens is automatically substituted as a party.

On March 28, 2012,[2] Petitioner filed this federal petition pursuant to 28 U.S.C. § 2254. He argues:

(1) He is actually innocent; and

(2) He was denied the effective assistance of counsel when counsel failed to discover that Petitioner was incarcerated from November 13, 2003 until November 9, 2005, and therefore could not have committed the offense.

On June 21, 2012, Respondent filed his answer arguing, *inter alia*, the petition is time-barred. On July 11, 2012, Petitioner filed his reply. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

---

[2]The petition is dated March 28, 2012. Ordinarily, prisoner petitions are deemed filed as of the date they are delivered to prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Respondent argues there is no evidence in the prison mail logs that Petitioner mailed his petition from the prison. His petition, therefore, should be deemed filed on the date the Court received it, which was April 12, 2012. The Court determines the petition is time-barred using either filing date. The Court will therefore accept March 28, 2012, as the date Petitioner filed the instant petition.

direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[3]

Petitioner was sentenced on March 19, 2010. He did not file a direct appeal. His conviction therefore became final thirty days later on April 19, 2010. *See Gonzales v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (stating the judgment becomes final at the expiration of the time for seeking direct review, regardless of when mandate issues); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (same). Petitioner then had one year, or until April 19, 2011, to file his federal petition.

The filing of a state application for writ of habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On February 15, 2011, Petitioner filed a state habeas petition,

---

[3] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

which was denied on October 5, 2011. This petition tolled the limitations period for 232 days. When 232 days were added to the April 19, 2011, limitations date, the new limitations date became December 7, 2011. Petitioner did not file his federal petition until March 28, 2012. His petition is therefore untimely.

Petitioner argues his petition is timely because he is actually innocent. The Supreme Court has recently held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, No. 12-126, ___ U.S. ___, 2013 WL 2300806 at *3 (May 28, 2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at *11. Petitioner fails to meet this high standard.

Petitioner claims that in April, 2010, he learned he was incarcerated at the time of the offense. Petitioner claims his judicial confession stated the offense occurred on August 23, 2005. (Reply at 10.) He claims he was incarcerated from November 13, 2003 until November 9, 2005, and he therefore could not have committed the offense. (*Id.* at 5.)

The record shows the indictment alleges the offense occurred "on or about the 23rd day of August A.D., 2006." (*Ex parte Edwards* at 69.) The judicial confession also states the offense occurred on or about August 23, 2006. (*Id.* at 76.) Petitioner has submitted no evidence that he was incarcerated at the time of the offense. He has failed to show that he is actually innocent. Petitioner's actual innocence claim therefore does not excuse him from complying with the

AEDPA statute of limitations.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues he is entitled to equitable tolling because he waited for the Court of Criminal Appeals to issue its mandate on his state habeas petition before filing his federal petition. He states he learned on March 20, 2012, that the Court of Criminal Appeals was not going to issue mandate, so he filed his federal petition. Statutory tolling for a state habeas petition, however, ends when the petition is no longer pending. *See* 28 U.S.C. § 2244(d)(2). Petitioner has failed to show that the Court of Criminal Appeals is required to issue mandate when denying a state habeas petition. Petitioner's claim does not entitle him to equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (holding plaintiff's unfamiliarity with the legal

process does not warrant equitable tolling).

Petitioner also states that the Court of Criminal Appeals denied his state habeas petition on October 5, 2011, but he did not receive notice until November 15, 2011. This claim also does not entitle Petitioner to equitable tolling. Even if the Court were to grant Petitioner equitable tolling from October 5, 2011 to November 15, 2011, his petition would still be untimely. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 13 day of June, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).